**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Katherine DeWald, | ) | **CASE NO. 1:05 CV 135** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| UNUM Provident Corporation, et al., | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| Defendant. | ) | |


<u>**Introduction**</u>

This matter is before the Court upon defendants' Motion to Dismiss (Doc. 5). This case seeks long-term disability benefits under the Employee Retirement Income Security Act (ERISA).  For the following reasons, the Motion is GRANTED.

<u>**Facts**</u>

Plaintiff, Katherine DeWald, filed this Complaint against defendants, UNUM Provident Corporation (correctly identified by defendants as UNUM Life Insurance Company of America and hereafter referred to as UNUM) and A.G. Edwards, Inc.

The Complaint alleges the following.  Plaintiff was an employee of A.G. Edwards, Inc.

1

from January 1991 to December 2003.  A.G. Edwards maintained a Group Long-Term

Disability Plan (hereafter, the Plan) funded by UNUM.  Plaintiff was a participant in the Plan.

UNUM has discretionary authority under the Plan to determine the eligibility for benefits and

to interpret provisions of the Plan.  Since 1996, plaintiff has suffered from severe and

incapacitating fatigue accompanied by chronic and severe pain.  On February 24, 2004,

plaintiff submitted an application to UNUM for long-term disability benefits.  UNUM denied

the claim on March 18, 2004.  On August 30, 2004, plaintiff appealed the adverse

determination.  On October 14, 2004, UNUM upheld the determination.[1]

The Complaint sets forth six claims for relief.  Count One alleges wrongful denial of

claim benefits.  Count Two alleges breach of fiduciary duty under ERISA.  Counts Three and

Four allege violations of the federal regulations promulgated under ERISA.  Count Five

alleges a failure to provide a full and fair review under ERISA.  Count Six alleges fraud.

This matter is now before the Court upon defendants' Motion to Dismiss (Doc. 5).

**Standard of Review**

When considering a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true

and construed liberally in favor of plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d

---

[1]     In her brief in opposition, plaintiff states that on February 28, 2005 (subsequent to
the filing of the Complaint), she received a notice from UNUM informing her that
her denied claim for disability benefits is eligible for reassessment as a result of a
settlement between UNUM, insurance regulators and the United States
Department of Labor.  Plaintiff further states that this settlement was a result of a
multi-state investigation into alleged unfair claims-handling practices and that it
requires UNUM to restructure its claims-handling procedures to ensure objectivity
and fairness, and to pay a $15 million fine.

687 (6th Cir. 1999).  The complaint is only to be dismissed if the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41

(1957), *Hammond v. Baldwin,* 866 F.2d 172 (6th Cir. 1989).   However, the complaint must

set forth "more than the bare assertion of legal conclusions.  *In Re DeLorean Motor Co.,* 991

F.2d 1236, 1240 (6th Cir. 1993); *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434,

436 (6th Cir. 1988).

### Discussion

Defendants move to dismiss all claims asserted in the Complaint with the exception of

Count One as to UNUM.   Additionally, defendants seek to strike the jury demand.

**(a) Counts Two through Five**

Count Two asserts that plaintiff is entitled to equitable relief under § 1132(a)(3) of

ERISA on the basis that UNUM breached its fiduciary duty by accepting plaintiff's premiums

and then failing to provide benefits under the Plan; purposely considering certain information

submitted by plaintiff out of context, while failing to consider overwhelming evidence of

plaintiff's disability and failing to properly apply and interpret the terms of the Plan; and

failing to exercise the utmost loyalty and care required. Counts Three and Four assert that

plaintiff is entitled to equitable relief under § 1132(a)(3) of ERISA on the basis that UNUM

willfully engaged in unreasonable claims procedures in violation of ERISA and the federal

regulations promulgated thereunder.  Count Five alleges UNUM's failure to provide a full and

fair review as fiduciary.

For the following reasons, this Court agrees that dismissal of these claims is

appropriate

Where § 1132(a)(1)(B) is available as a remedy for a plaintiff's alleged injury, relief for breach of fiduciary duty under § 1132(a)(3) is not appropriate.  *Marks v. Newcourt Credit Corp.,* 342 F.3d 444 (6th Cir. 2003) (citing *Varity Corp. v. Howe,* 516 U.S. 489 (1996) and *Wilkins v, Baptist Healthcare Sys., Inc.* 150 F.3d 609 (6th Cir. 1998) ).  In *Marks,* the court stated:

> An ERISA plan participant can seek equitable relief against his plan administrator under § 502(a), 29 U.S.C. § 1132(a), if he has been harmed by the administrator's breach of a fiduciary duty. *Varity Corp. v. Howe,* 516 U.S. 489, 512 (1996). However, a participant cannot seek equitable relief for a breach of fiduciary duty under the catchall provision of § 502(a)(3) if the alleged violations are adequately remedied under other provisions of § 502. *Id.; see Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir.1998) (noting the Supreme Court's clear limitation of § 502(a)(3) relief to beneficiaries who 'may not avail themselves of § 1132's other remedies').

> In *Wilkins,* we concluded that the plaintiff could not bring a cause of action for breach of fiduciary duty pursuant to § 502(a)(3) where § 502(a)(1)(B) provided a remedy for his alleged injury. Section § 502(a)(1)(B) permitted *Wilkins* to bring a lawsuit to challenge the administrator's denial of benefits. In this case, [plaintiff] is permitted to file and has filed a suit pursuant to the same provision, challenging [defendant's] administrative decision to deny him benefits. Therefore, because the district court is correct that ERISA § 502(a)(1)(B) provides plaintiff a remedy for the alleged injury, the denial of benefits, and allows him to bring a lawsuit to challenge the denial of benefits, we affirm the dismissal of [plaintiff's] breach of fiduciary duty.

In the instant case, plaintiff's Complaint centers around the wrongful denial of benefits and, indeed, plaintiff has expressly availed herself of the relief afforded under § 1132(a)(1)(B).  In particular, Count One asserts a wrongful denial of claim for benefits and the Complaint further asserts, "This case is an action to recover benefits due to plaintiff under her employer's long-term disability insurance benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B)."  Because that section provides adequate relief to plaintiff herein, the Court finds that plaintiff is not entitled to further equitable relief under § 1132(a)(3) as a matter of

4

law.[2]

Plaintiff argues that at this early stage in the litigation, she is unaware of whether an adequate remedy exists under § 1132(a)(1)(B) because discovery has not begun and, therefore, dismissal of Counts Two through Five is inappropriate.  Of course, discovery is not proper in this case because this Court's review of a challenged benefits decision under ERISA is confined to the administrative record.  *Wilkins,* 150 F.3d 609 (In adjudicating the merits of an ERISA action seeking to recover benefits, the district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the plan administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part; any prehearing discovery at the district court level should be limited to such procedural challenges.)  *See also Putney v. Medical Mutual of Ohio*, 111 Fed.Appx. 803 (6th Cir.2004) (Plan participant was not entitled under ERISA to conduct discovery beyond administrative record in an action against plan administrator for denial of benefits under group health benefits plan, even if administrator failed to satisfy ERISA notice requirements, where there was no evidence of bias, the administrator did not preclude participant from submitting information during his administrative appeal, and participant pointed to no additional evidence that could have influenced the decision to deny benefits.)  Nor has plaintiff sought discovery or asserted a basis justifying such.

Additionally, plaintiff relies on *Geiger v. UNUM Life Insurance Company,* 213

---

[2]     In addition to the particular averments set forth above in Counts Two through Five, plaintiff's Complaint further generally states that as an alternative to recovering benefits under § 1132(a)(1)(B), she seeks to "obtain other appropriate equitable relief to redress violations by UNUM with regard to the Plan pursuant to 29 U.S.C. § 1132(a)(3)." (Compl. ¶ 14).

5

F.Supp.2d 813 (N.D. Ohio 2002).  In *Geiger,* the court concluded that at the pleadings stage, a plaintiff may simultaneously assert alternative claims for recovery of benefits under § 1132(a)(1)(B) and for breach of fiduciary duty under § 1132(a)(3) and, therefore, declined to dismiss the § 1132(a)(3) on a motion to dismiss for failure to state a claim.  That court recognized that the "Sixth Circuit has held... that § 1132(a)(3) is available only if a plaintiff may not avail himself of section 1132's other remedies." *Id.* at 816 (citing *Wilkins*). However, the court stated,

> A district court is in a position, by the time a case proceeds to the summary judgment stage, to determine whether review under section 1132(a)(1)(B) is appropriate or not. Certainly, if it appears at a later stage in this litigation that the Court can dispose of this case under section 1132(a)(1)(B), then the plaintiffs will have no cause of action under any other subsection of section 1132. It would be unwise to extend *Wilkins's* holding in this regard to the pleading stage, however, since it may turn out that, after resolving some of the preliminary questions relevant to this case,  a claim under section 1132(a)(1)(B) may be unavailable.

For the following reasons, this Court finds that *Geiger* is no longer good law due to subsequent Sixth Circuit decisions.

In *Lee v. MBNA Long Term Disability & Benefit,* 2005 WL 705771 (6th Cir. March 29, 2005), the court concluded that plaintiff failed to state a claim for breach of fiduciary duty under ERISA and, therefore, dismissed the claim:

> The Supreme Court limited the relief afforded by § 1132(a)(3) to plan participants or beneficiaries [who] are not able to avail themselves of other remedies under § 1132. *See Varity Corp.* [*supra*]. In *Wilkins, supra,* this Circuit adopted the reasoning of *Varity* and noted that § 1132(a)(1)(B) already provides a remedy for a claimant who alleges that his benefits were wrongly denied; such a claimant does not have an additional claim for breach of fiduciary duty pursuant to § 1132(a)(3). *Wilkins,* 150 F.3d at 615. It is clear that an ERISA claimant may not recharacterize a denial of benefits claim as a claim for breach of fiduciary duty. *See id.* at 616 (citing *Varity,* 516 U.S. at 514- 15).

6

*Id.* at *10.

Similarly, in *Putney, supra,* the Sixth Circuit concluded that claims for fiduciary duty under § 1132(a)(3) are subject to dismissal for failure to state a claim unless a claimant cannot seek a remedy under other sections of § 1132.  Therefore, where, as here, the claimant can- and does- challenge the denial of benefits under § 1132(a)(1)(B), the breach of fiduciary duty claim is dismissed.

Finally, in *Julia v. Bridgestone/Firestone, Inc.,* 101 Fed.Appx. 27 (6th Cir. 2004), the Sixth Circuit clearly found dismissal of this sort of claim appropriate:

> The district court dismissed [plaintiff's] cause of action under 29 U.S.C. § 1132(a)(3) at the pleadings stage; she claims that this decision was in error. The district court correctly noted that a plaintiff who has standing to pursue a claim for recovery of benefits under 29 U.S.C § 1132(a)(1)(B) cannot pursue a claim for equitable relief under § 1132(a)(3), which instead operates as a catchall for plaintiffs not otherwise provided for under § 1132.

*Id.* at 29 (citing *Varity* and *Wilkins*, *supra*).

Based on the foregoing, Counts Two through Five are dismissed.

**(b) Count Six**

Count Six alleges fraud arising out of the denial of benefits. Plaintiff alleges that UNUM made false representations to plaintiff causing plaintiff to believe that she would be covered by the Plan in the event she became disabled.   Defendants argue that this claim is preempted by ERISA. This Court agrees.

ERISA's preemption provision provides that the Act "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).  "State law" includes "all laws, decisions, rules, regulations, or other State action

7

having the effect of law, of any State." 29 U.S.C. § 1144(c)(1).

29 U.S.C. § 1144(a) has been interpreted broadly to encompass any state cause of action relating to an employee welfare benefit plan.  The Supreme Court summarized the provision as follows: "If a state law relates to employee benefits plans, it is pre-empted." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987) (internal quotation marks omitted).  The phrase "relates to" is to be given "its broad common-sense meaning." *Id*. at 47.  A state law relates to an employee benefit welfare plan "if it has a connection with or reference to such a plan." *Id*. (quoting *Metropolitan Life Ins. Co. v. Mass.*, 471 U.S. 724, 730 (1985)).  In *Pilot Life Insurance*, the Court specifically held that the plaintiff's common law causes of action, which were based upon an alleged improper processing of his claim for benefits, were preempted by ERISA. *Id*. at 48.

The Sixth Circuit "has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991).  As the Sixth Circuit stated,

> It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit.  Appellants' complaint alleged promissory estoppel, breach of contract, negligent misrepresentation, and breach of good faith as grounds for the recovery of benefits....Thus, appellants' state law claims are at the very heart of issues within the scope of ERISA's exclusive regulation and, if allowed, would affect the relationship between plan principals by extending coverage beyond the terms of the plan.  Clearly, appellants' claims are preempted by ERISA.

*Id*. (citation omitted).

Here, plaintiff's fraud claim clearly seeks recovery of long-term disability benefits.  It

8

is, therefore, preempted by ERISA.  *See also Ramsey v. Formica Corp.,* 398 F.3d 421 (6th Cir.

2005) ("... it is clear that all of plaintiffs' state law claims stem from the actions of [defendant]

in the processing of their benefit payments" and, therefore, the claims were preempted).

Plaintiff argues that ERISA's "savings clause"[3] exempts her state law fraud claim from

preemption.  However, case law makes clear that ERISA's "savings clause" does not insulate

from preemption bad faith or fraud claims against insurance carriers that, as here, underwrite

insured benefits plans. *Aetna Health, Inc. v. Davila,* 542 U.S. 200 (2004), *Pilot Life Ins. Co.,*

*supra, Davies v. Centennial Life Ins. Co.,* 128 F.3d 934 (6th Cir. 1997).  Moreover, in *Pilot*

*Life*, the Supreme Court held that Mississippi's law of bad faith was not saved from

preemption because it was derived from tort and contract principles and was not aimed solely

at the insurance industry. *See* 481 U.S. at 50.  The Sixth Circuit has found the same to be true

of Ohio's law.  *Lynde v. Blue Cross and Blue Shield Mut. of Ohio*, 1995 WL 242003 (6th Cir.

1995) (rejecting assertion that the savings clause preserves the bad faith claim and finding that

Ohio's cause of action for bad faith is rooted in Ohio's tort and contract law and, therefore,

preempted by ERISA).  *See also Tolton v. American Biodyne, Inc.,* 48 F.3d 937 (6th Cir.

1995).

Therefore, Count Six is subject to dismissal.[4]

---

[3]    The "savings clause" provides that state laws "regulat[ing] insurance" are saved from preemption. *See* 29 U.S.C. § 1144(b)(2)(A).

[4]    Defendants alternatively argue that even if it were not preempted, the fraud claim is subject to dismissal because it is not pleaded with particularity.  Plaintiff does not dispute that the Complaint falls short of the pleading requirements but asserts that if the count does not meet the requirements of Federal Rule of Civil Procedure 9(b), then leave to amend should be granted to perfect the defect. However, plaintiff does not proffer a corrected pleading or state new facts.  Some

**(c) Count One as to A.G. Edwards, Inc.**

Defendants assert that only UNUM is the proper party defendant as to Count One. This Court agrees.  The Complaint alleges that A.G. Edwards, Inc. was plaintiff's employer and that UNUM is the payor of benefits due under the terms of the Plan and has discretionary authority under the Plan to determine eligibility for benefits and to interpret provisions of the Plan.  (Compl. ¶¶ 15, 19).  In *Daniel v. Eaton Corporation,* 839 F.2d 263 (6th Cir. 1988), the court stated, "Unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits."  Because the Complaint alleges that UNUM controls eligibility for benefits and has the authority to interpret the terms of the Plan, it is the only proper party as to Count One.

Plaintiff asserts that A.G. Edwards, Inc. is a proper party and should not be dismissed because, as the Plan sponsor, it acts as a fiduciary.  However, while A.G. Edwards may be a fiduciary of the Plan, it does not pay benefits under the Plan and, therefore, is subject to dismissal.  *See Bahnaman v. Lucent Technologies, Inc.,* 219 F.Supp.2d 921, 923 (N.D.Ill. 2002)(finding that a claim for denial benefits against an employer must be dismissed because the claim may only be brought against the benefit plan itself, not the administrator of the plan or an employer that establishes a plan, and even if the claim could also be brought against the employer, the plan's presence in the case is sufficient for plaintiffs to obtain all possible

courts have held that in the absence of such, dismissal with prejudice is appropriate.  *See U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1259 (D.C. Cir. 2004) (recognizing that "while Federal Rule 15(a) provides that leave to amend shall be freely given when justice so requires, a bare request in an opposition to a motion to dismiss--without any indication of the particular grounds on which amendment is sought--does not constitute a motion within the contemplation of Rule 15(a)").

10

relief).

For these reasons, dismissal of A.G. Edwards, Inc. is appropriate.

**(d) jury demand**

Defendants move to strike the jury demand.  This Court agrees that such is warranted inasmuch as the Sixth Circuit has clearly held that there is no right to a jury trial in an ERISA claim for benefits.  *Wilkins, supra.*

Plaintiff argues that, pursuant to *International Union, United Auto., Aerospace and Agricultural Implement Workers of America v. Midland Steel Prods. Co.*, 771 F.Supp. 860 (N.D. Ohio 1991), her jury request should not be stricken.

In order to determine whether the right to a jury trial exists, the Court must first look to the statute itself.  If the statute does not provide the right either explicitly or implicitly, the Court must nonetheless determine whether the Seventh Amendment affords such a right.  *Id.* at 862 (*citing Curtis v. Loether*, 415 U.S. 189, 192 (1974)).  The right to a jury trial exists under the Seventh Amendment where the party seeks legal, as opposed to equitable, relief. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).  Where a particular statute does not expressly provide for a jury trial, the analysis as to whether it implicitly affords such a right mirrors the analysis under the Seventh Amendment.  Thus, the focus of this Court's inquiry is on whether the remedies available to plaintiff under the ERISA provisions at issue are equitable or legal in nature.

The only claim remaining in this case consists of a claim for wrongful denial of benefits for which relief is sought pursuant to § 1132(a)(1)(B) which provides, in relevant part:

11

(a) Persons empowered to bring a civil action

A civil action may be brought–

(1)  by a participant or beneficiary–

...

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

Thus, for purposes of plaintiff's claim for wrongful denial of benefits, this Court must determine whether the relief set forth in § 1132(a)(1)(B) is legal or equitable in nature.  The Sixth Circuit has already concluded that money damages may not be recovered in an action for the denial of benefits under this section.  Accordingly, the right to a jury trial is unavailable for relief sought pursuant to it.  *See Sprague v. General Motors Corp.*, 133 F.3d 388, 406 (6th Cir. 1998) and *Wilkins, supra.*

Furthermore, the Sixth Circuit has again more recently recognized the unavailability of a jury trial on plaintiff's remaining claim.  *Karr v. Central States, Southeast & Southwest Areas Pension Fund,* 2000 WL 659593 (6th Cir. 2000).

For these reasons, the jury demand is stricken.

**<u>Conclusion</u>**

For the foregoing reasons, the Motion to Dismiss is granted and, therefore, only Count One against UNUM remains.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan

PATRICIA A. GAUGHAN
United States District Judge


Dated: 4/18/05

13